# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WANDA J. WARDREP,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0578**  (BOR Appeal No. 2051002)
(Claim No. 2015001102)

**ADVENTURE WV, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wanda J. Wardrep, by John Shumate, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Adventure WV, LLC, by Timothy Huffman, its attorney, filed a timely response.

The issues presented in the instant appeal are the denial of Ms. Wardrep's request for authorization of a neurosurgical evaluation and a cervical spine MRI, and the denial of her request to add a cervical spine injury as a compensable component of her claim for workers' compensation benefits. On March 4, 2015, the claims administrator denied a request for authorization of a neurosurgical evaluation and a cervical spine MRI. Additionally, on June 17, 2015, the claims administrator denied a request to add a cervical spine injury, including weakening of an intervertebral disc and active cervical radiculopathy, as a compensable component of the claim. The Office of Judges affirmed the March 4, 2015, and June 17, 2015, claims administrator's decisions in its Order dated December 3, 2015. This appeal arises from the Board of Review's Final Order dated May 20, 2016, in which the Board affirmed the December 3, 2015, Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wardrep injured herself on June 17, 2014, while lifting a bucket containing a large pump during the course of her employment as a housekeeper with Adventure WV. She initially sought medical care at Bridgeview Urgent Care on July 1, 2014, and reported experiencing right shoulder pain with reduced range of motion following the June 17, 2014, injury, and was diagnosed with a right shoulder sprain/strain. While at Bridgeview Urgent Care, Ms. Wardrep completed a Report of Injury. The Report of Injury indicates that she sustained a right shoulder injury, and the physician's portion of the report lists her diagnosis as a right shoulder strain. On July 9, 2014, the claim was held compensable for a right shoulder sprain/strain.

Following the June 17, 2014, injury, Ms. Wardrep sought treatment with Mark White, M.D., her primary care provider. Dr. White referred her to orthopedic surgeon S. Brett Whitfield, M.D., who examined Ms. Wardrep on August 7, 2014. Dr. Whitfield noted that Ms. Wardrep complained of right shoulder pain. During his examination, he also noted that Ms. Wardrep exhibited decreased range of motion in the right shoulder and normal range of motion in the cervical spine. Dr. Whitfield diagnosed her with a partial thickness tear of the supraspinatus tendon and arthropathy of the acromioclavicular and glenohumeral joints of the right shoulder.[1] Dr. Whitfield referred Ms. Wardrep for physical therapy, and on August 21, 2014, she began a course of physical therapy at Fayetteville Physical Therapy. Treatment notes dated August 21, 2014, indicate that Ms. Wardrep was referred for physical therapy amid complaints of right shoulder pain. Once again, it was determined that she exhibited decreased range of motion in the right shoulder and normal range of motion in the cervical spine. However, during an October 1, 2014, physical therapy session, it was noted that Ms. Wardrep is experiencing numbness in her left hand which she attributed to utilizing her left hand while performing light duty work.

Ms. Wardrep returned for a follow-up visit with Dr. White on October 13, 2014. Dr. White also noted that she is experiencing numbness in her left hand. However, Dr. White determined that Ms. Wardrep exhibited normal range of motion in the cervical spine with no neurological deficits in the left arm. After Ms. Wardrep's symptoms failed to resolve, Dr. White referred her for an electromyogram. An electromyogram performed on November 18, 2014, revealed C8-T1 radiculopathy.[2] On December 2, 2014, Dr. White opined that the C8-T1 radiculopathy revealed via an electromyogram began at the time of the June 17, 2014, injury. Dr. White further opined that Ms. Wardrep will need to undergo a neurosurgical evaluation and cervical spine MRI. He also requested that a cervical intervertebral disc injury be added as a compensable component of Ms. Wardrep's claim for workers' compensation benefits. Dr. White later authored a letter addressed to Ms. Wardrep in which he stated that it is his belief that she sustained a cervical intervertebral disc injury while undergoing a course of physical therapy aimed at treating the compensable right shoulder injury.

Syam Stoll, M.D., performed a records review on December 23, 2014, and recommended denying a request for authorization of a neurosurgical evaluation and cervical spine MRI. Specifically, Dr. Stoll found that multiple evaluations performed by various providers have produced normal range of motion findings in the cervical spine. Additionally, Dr. Stoll opined

---

[1] The compensability of the right shoulder is not presently at issue.
[2] The Office of Judges erroneously listed Ms. Wardrep's diagnosis as C6-T1 radiculopathy.

that the diagnosis of radiculopathy represents nothing more than an incidental finding. The claims administrator denied Dr. White's request for authorization of a neurosurgical evaluation and cervical spine MRI on March 4, 2015.

On April 23, 2015, Joseph Grady, M.D., performed an independent medical evaluation and authored a report memorializing his findings on the same date. Dr. Grady noted that Ms. Wardrep did not report any radicular symptoms or cervical spine discomfort during the examination. He then opined that his examination did not reveal any signs of cervical radiculopathy, and noted that Ms. Wardrep's medical record does not contain any evidence indicating that she sustained a cervical spine injury. On June 17, 2015, the claims administrator denied Dr. White's request to add a cervical injury, including weakening of an intervertebral disc and cervical radiculopathy, as a compensable component of the claim.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 20, 2015, and authored a report memorializing his findings on August 21, 2015. Dr. Mukkamala opined that a cervical injury should not be added as a compensable component of the claim. He noted that Ms. Wardrep did not report an onset of cervical symptoms until three months after the June 17, 2014, injury. Dr. Mukkamala also took note of the multiple prior evaluations during which it was determined that Ms. Wardrep exhibited normal range of motion in the cervical spine. He then opined that the June 17, 2014, injury was simply a soft tissue injury to Ms. Wardrep's right shoulder, and further opined that the diagnosis of radiculopathy represents an incidental finding of naturally occurring degenerative changes. Dr. Mukkamala also opined that authorization for the cervical spine MRI and neurosurgical evaluation was properly denied because Ms. Wardrep's cervical spine condition is not related to the compensable injury.

In its Order affirming the claims administrator's March 4, 2015, and June 17, 2015, decisions, the Office of Judges held that Ms. Wardrep failed to demonstrate that she sustained a cervical spine injury in the course of and resulting from her employment and, therefore, is not entitled to authorization of treatment for a cervical spine injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2016. On appeal, Ms. Wardrep asserts that the evidence of record demonstrates that she sustained a cervical spine injury in the course of and resulting from her employment, that the cervical spine injury should be added as a compensable component of her claim, and that she is entitled to authorization of the requested treatment for the cervical spine.

Regarding the request to add a cervical spine injury as a compensable component of the claim, the Office of Judges noted that Ms. Wardrep did not began complaining of symptoms relating to cervical radiculopathy until approximately three months after the June 17, 2014, injury. Additionally, the Office of Judges found that Ms. Wardrep's medical record contains evidence of multiple pre-existing cervical spine conditions. Specifically, the Office of Judges found that cervical spine x-rays performed on June 11, 2000, revealed spinal biomechanical alterations, intervertebral disc encroachment, arthrosis, and spondylosis. The Office of Judges further found that following the June 17, 2014, injury, Ms. Wardrep exhibited normal range of motion in the cervical spine during numerous evaluations performed by multiple treatment

providers. Regarding the request for authorization of medical treatment relating to the cervical spine, the Office of Judges found that because the cervical spine is not a compensable body part, authorization for treatment of the cervical spine was properly denied. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker